FELKER and another vs. HAIGHT.

*Implied contract to pay for attorney's services.*

Defendant *held liable for services* rendered by plaintiffs as attorneys in collecting and securing the *demands of defendant and all other creditors* against a debtor who had made a fraudulent conveyance of his property; such services having been rendered with defendant's knowledge and consent, and pursuant to an implied (if not an express) request.

APPEAL from the County Court of *Winnebago* County.

*Moses Hooper*, for plaintiffs, who are also appellants.

*A. Haight*, defendant and respondent, in person.

LYON, J.   A debtor in the city of Oshkosh made a fraudulent conveyance of his property. One of his creditors instituted proceedings in bankruptcy against him, and caused him to be arrested for the fraud.   All of his creditors (of whom the defendant was one) thereupon entered into negotiations with the debtor for an adjustment of their demands.   Such negotiations were conducted to a successful termination, and the whole indebtedness was paid or satisfactorily secured.   The plaintiffs were the attorneys for the petitioning creditor in the bankruptcy proceedings, and acted as the attorneys for all of the creditors in such negotiations.   They procured abstracts, examined titles, made computations, drew securities, and gave all necessary legal advice in the premises, with the knowledge and consent of all the creditors.   The defendant was present and took an active and leading part in the adjustment.   He frequently communicated with the plaintiffs in relation thereto, and the testimony tends to show that, in some particulars at least, they acted by his express request.   There was no special agreement between the creditors as to how the plaintiffs should be paid for their services.   The evidence is undisputed that those services were worth two per cent. of the amount paid and

secured. The defendant's demand thus paid or secured was $5,800. The debtor paid the costs and expenses of the bankruptcy proceedings, and each creditor (except the defendant) has paid the plaintiffs for their services in collecting or securing his demand, at the rate above mentioned. We are not aware of the existence of any rule of law which will relieve the defendant from the obligation to pay for services thus rendered for his benefit, with his knowledge and consent, and pursuant to his implied (if not express) request.

The action was tried in the county court without a jury, and the findings and judgment were for the defendant.

*By the Court.* — The judgment is reversed, and the cause remanded with directions to that court to render judgment for the plaintiffs for $116, and interest thereon from the date of the commencement of the action.